Bruce DUNGAN, all on behalf of themselves and all others similarly situated, Shelley Dungan, all on behalf of themselves and all others similarly situated, W. Patrick Dungan, all on behalf of themselves and all others similarly situated, Cecelia Eighmey, all on behalf of themselves and all others similarly situated, Steven Eighmey, all on behalf of themselves and all others similarly situated, Tommy Lee Halford Sr., all on behalf of themselves and all others similarly situated, Tommy Lee Halford Jr., all on behalf of themselves and all others similarly situated, Roger Keroack, all on behalf of themselves and all others similarly situated, Lori Keroack, all on behalf of themselves and all others similarly situated, Holly Stepp, all on behalf of themselves and all others similarly situated, Robert P. MacRae, Individually and as Natural Parent of J.M., a minor child, all on behalf of themselves and all others similarly situated, Patricia A. MacRae, Individually and as Natural Parent of J.M., a minor child, all on behalf of themselves and all others similarly situated, Anthony Mazzullo, all on behalf of themselves and all others similarly situated, Anthony Mazzullo Jr., all on behalf of themselves and all others similarly situated, Irene Pfeffer, all on behalf of themselves and all others similarly situated, Victoria Shevchenko, all on behalf of themselves and all others similarly situated, Vadim Soskil, all on behalf of themselves and all others similarly situated, Lisa Stocki, all on behalf of themselves and all others similarly situated, Edward Stocki, all on behalf of themselves and all others similarly situated,

Krystina Stocki, all on behalf of themselves and all others similarly situated, Ronald Wose, Individually and as Natural Parent of R.W., a minor child, all on behalf of themselves and all others similarly situated, Sandra Wose, Individually and as Natural Parent of R.W., a minor child, all on behalf of themselves and all others similarly situated, C. Richard Wyatt, all on behalf of themselves and all others similarly situated, Rebecca Wyatt, all on behalf of themselves and all others similarly situated, Farrah Wyatt, all on behalf of themselves and all others similarly situated, Plaintiffs–Counter–Defendants–Appellants,

v.

The ACADEMY AT IVY RIDGE, Academy at Ivy Ridge, Inc., Academy at Ivy Ridge, LLC, Jason G. Finlinson Corp., Joseph & Alyn Mitchell Corp., Northwest Association of Schools & Colleges & Universities, Inc., Northwest Association of Accredited Schools, Inc., World Wide Association of Specialty Programs and Schools, Inc., Premier Educational Systems, LLC, Jason G. Finlinson, Joseph Mitchell, Alyn Mitchell, Teen In Crisis, LLC, Teen In Crisis, Inc., Lifelines Family Services, Inc., doing business as Teen Life Lines, Teen Solutions, LLC, Teen Help LLC, Defendants–Counter–Claimants–Appellees,

Robert B. Lichfield, ABC Corporations 1 through 20, John Does 1 through 20, Robert Browning Lichfield Family Limited Partnership, Patricia Lichfield, R & B Billing LLC, doing business as R & B Management, Optimum Billing Services LLC, agent of R & B Management, New York Minute LLC, Defendants–Appellees.

No. 08–3870–cv.

United States Court of Appeals, Second Circuit.

Aug. 20, 2009.

Eric C. Nordby and Zachary M. Mattison, Hancock & Estabrook, LLP, Syracuse, NY, for Appellants.

Edward G. Melvin, Costello, Cooney & Fearon, PLLC, Syracuse, NY; Kevin E. Huslander, Smith, Sovik, Kendrick & Sugnet, P.C., Syracuse, NY, Appearing for Appellees.

Present: JOSEPH M. McLAUGHLIN, ROSEMARY S. POOLER, REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Plaintiffs-appellants appeal from an interlocutory order of the United States District Court for the Northern District of New York (McAvoy, J.), denying their motion for class certification under Rule 23 of the Federal Rules of Civil Procedure. We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

Plaintiffs are the parents of students who attended the Academy at Ivy Ridge and the students themselves. The Academy at Ivy Ridge is a school for troubled youth. Plaintiffs allege that defendants misrepresented Ivy Ridge's accreditation status and authorization to issue diplomas and credits in order to induce parents to send their children to Ivy Ridge. Plaintiffs brought claims under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1962(c) and (d), claims of negligent misrepresentation, negligence, and breach of contract, and several fraud-based claims. Plaintiffs sought issue certification under Rule 23(c)(4) on particular elements of these claims, but not on the issues of reliance or damages. The district court denied class certification, concluding "that the issues of reliance, causation, and damages will predominate over this case and that certification, or issue certification, will not reduce the range of issues in dispute and promote judicial economy."

A district court's denial of class certification is reviewed for abuse of discretion. *Heerwagen v. Clear Channel Communs.*, 435 F.3d 219, 225 (2d Cir.2006). However, we "review de novo the district court's conclusions of law that informed its decision to deny class certification." *Parker v. Time Warner Entertainment Co.*, 331 F.3d 13, 18 (2d Cir.2003) (quotation marks omitted). Our review of a denial of class certification is "noticeably less deferential [than] when [the district court] has certified a class." *Id.* (quotation marks omitted).

We have held that "a court may employ [Rule 23(c)(4)] to certify a class as to liability regardless of whether the claim as a whole satisfies Rule 23(b)(3)'s predominance requirement." *In re Nassau County Strip Search Cases*, 461 F.3d 219, 223 (2d Cir.2006). In so holding, we rejected the more stringent rule of the Fifth Circuit "'that a cause of action, as a whole, must satisfy the predominance requirement of (b)(3) and that (c)(4) is a housekeeping rule that allows courts to sever the common issues for a class trial.'" *Id.* at 226 (quoting *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 745 n. 21 (5th Cir.1996)).

Plaintiffs argue that the district court relied on the Fifth Circuit's rule rejected

by our Court in the *Nassau County Strip Search Cases.* Although the district court included two citations to the Fifth Circuit's *Castano* decision, it accurately identified and applied this Circuit's standard for Rule 23(c)(4) issue certification. The district court observed that parents' reasons for sending their children to Ivy Ridge included "geographic location, cost, available extracurricular activities, educational programming, character development programs, the ability to earn 'credits,' the ability to obtain a diploma, etc.," and determined that the significance of individualized issues of reliance, causation, and damages in this case meant that issue certification "would not meaningfully reduce the range of issues in dispute and promote judicial economy." In this case, the district court did not abuse its discretion in reaching this conclusion. *See McLaughlin v. Am. Tobacco Co.,* 522 F.3d 215, 234 (2d Cir.2008) (concluding that, "given the number of questions that would remain for individual adjudication, issue certification would not 'reduce the range of issues in dispute and promote judicial economy' " (quoting *Robinson v. Metro–N. Commuter R.R.,* 267 F.3d 147, 168 (2d Cir.2001))). We have considered plaintiffs' remaining arguments and consider them to be without merit.

For the foregoing reasons, we AFFIRM the judgment of the district court.